UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60811-CV-COHN

MERLE NORMAN COSMETICS, INC., a
California corporation,

Magistrate Judge Snow

    Plaintiff,

vs.

JOYCE LABARBERA and JANE DOE,

    Defendants.
_____/

**<u>ORDER DENYING MOTION TO DISMISS</u>**
**<u>ORDER DENYING MOTION TO STAY DISCOVERY</u>**

THIS CAUSE is before the Court upon Defendant Labarbera's Motion to Dismiss [DE 16] and Motion to Stay Discovery [DE 32]. The Court has carefully considered the motions, Plaintiff's memorandum regarding the First Sale Doctrine, and Defendant Labarbera's Response to the Memorandum (effectively a reply memorandum), and is otherwise fully advised in the premises. The Motion to Dismiss became ripe on July 25, 2007.[1]

I. BACKGROUND

Plaintiff Merle Norman, Inc. ("Plaintiff") filed this diversity action against Defendants Joyce Labarbera and "Jane Doe" for various state law claims. As to Defendant Labarbera, Plaintiff's claims are for tortious interference with contract, civil conspiracy, and deceptive and unfair trade practices pursuant to Florida's Deceptive

---

[1] As the Motion to Stay is based upon the pendency of the Motion to Dismiss, the Court need not wait for Defendant to respond to the Motion to Stay.

and Unfair Trade Practices Act ("FDUTPA").[2]

Plaintiff sells cosmetics through franchised "studios."  Its franchise agreements with studio owners ban resales of its products via the internet.  In this case, Plaintiff alleges that Defendant Labarbera obtained Merle Norman cosmetics from a studio owner ("Jane Doe") and then resold the products via Ebay over the Internet.  At the preliminary injunction hearing held in this case, Defendant Labarbera raised the defense of the "First Sale Doctrine," as a complete defense to all of the claims in this case.  After taking evidence and denying the preliminary injunction motion, the Court directed Plaintiff to respond in writing to Defendant's motion to dismiss pursuant to the First Sale Doctrine.

Labarbera does not deny that she made those sales.  Rather, the disputed factual issue is whether Labarbera obtained the Merle Norman items she sold over the Internet from a studio owner, or from some other source.  In denying the motion for preliminary injunction, the Court determined that Plaintiff had not met the stringent burden for obtaining a preliminary injunction.  However, for purposes of consideration of the motion to dismiss, however, the Court assumes that the facts alleged in the Complaint are true.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Defendant Labarbera argues that the First Sale Doctrine requires dismissal

---

[2] For a complete background of the facts giving rise to this dispute, please refer to the Court's Order Denying Motion for Preliminary Injunction [DE 21].

Plaintiff's claim for failure to state a claim.  Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.  First Sale Doctrine

Defendant asserts that the "First Sale Doctrine," which is part of federal copyright law, protects her right to sell products lawfully acquired in the stream of

commerce.[3]  Allison v. Vintage Sports Plaques, 136 F.3d 1443, 1447-48 (11th Cir. 1998).  In Allison, the Eleventh Circuit extended the doctrine to a tort action, specifically the right to publicity.  Id.  In this case, the Plaintiff conceded at the preliminary injunction hearing that if Labarbera's source is a flea market, than she can make the sales in question without committing a tort.  However, as discussed above, Plaintiff asserts that if Labarbera is working in conjunction with a studio owner to violate the Merle Norman franchise agreement, then the First Sale Doctrine does not protect such tortious acts, as the only intellectual property rights are protected.  Defendant asserts that the First Sale Doctrine is not so limited.

There has been no further Eleventh Circuit decision discussing the First Sale Doctrine.  However, another judge within the Southern District of Florida stated that: "Courts have limited this doctrine to cases where there is no other conduct of infringement or where the defendant is not culpable for anything more than mere reselling of a product."  Bulova Corp. v. Bulova Do Brasil Com. Rep. Imp. & Exp. Ltd., 144 F.Supp.2d 1329, 1331 -1332 (S.D.Fla. 2001).  Plaintiff argues that if Labarbera is reselling products obtained from an authorized distributor who is prohibited from selling these products over the Internet, then she is tortiously interfering with the Merle Norman-distributor contract and/or conspiring to violate that contract, and therefore not merely reselling goods.

---

[3]  The second legal issue initially raised by Labarbera concerns the jurisdictional requirement of an amount in controversy greater than $75,000.  In its Order denying the motion for preliminary injunction, the Court denied the motion to dismiss as to this jurisdictional argument.  Court's Order Denying Motion for Preliminary Injunction at pp. 8-9 [DE 21].

In a fairly recent decision involving similar facts, the United States Court of Appeals for the Tenth Circuit discussed the First Sale Doctrine in the context of trademark infringement claims under the Lanham Act, but did not apply the Doctrine to tortious interference claims nor civil conspiracy claims.  Australian Gold, Inc. v. Hatfield, 436 F.3d 1228, 1235-38, 1241 (10th Cir. 2006).  While Defendant Labarbera argues that her conduct is no where near as egregious as the defendants in Australian Gold, the point at this early stage of this litigation is that the First Sale Doctrine has not been accepted as a complete defense to tortious interference and civil conspiracy claims.  Therefore, the Court will deny the motion to dismiss in its entirety.[4]

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Labarbera's Motion to Dismiss [DE 16] is hereby **DENIED**;

2. As the Motion to Dismiss is denied, there is no basis to stay discovery, so

---

[4] The Court also notes that Defendant Labarbera misunderstands the nature of Plaintiff's claims.  It is not automatically true that one cannot be liable to another just because there is no contract governing the parties' conduct to one another.  Plaintiff's claims are tort claims for acts that Florida common law (or statutory law) has recognized are actionable.  Plaintiff, of course, has to prove the elements of a claim to ultimately win the case.

Defendant's Motion to Stay Discovery [DE 32] is hereby **DENIED**;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of August, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies furnished to:

Michael Mattson, Esq.
James Rubinger, Esq.

Joyce Labarbera, pro se
12911 SW 15th Manor
Davie, FL 33325