UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60811-CV-COHN

MERLE NORMAN COSMETICS, INC., a
California corporation,

Magistrate Judge Snow

    Plaintiff,

vs.

JOYCE LABARBERA and JANE DOE,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
## ORDER OF PRELIMINARY INJUNCTION

THIS CAUSE is before the Court upon Plaintiff's Ore Tenus Motion at today's Status Conference seeking reconsideration of this Court's Order Denying Motion for Preliminary Injunction [DE 21]. The Court has carefully considered the motion, has reconsidered the credibility of witnesses and argument of counsel at the evidentiary hearing held on June 21, 2007, and is otherwise fully advised in the premises.

At today's status conference, Victoria LaBarbera admitted that she has pretended to be Defendant Joyce LaBarbera throughout this proceeding, including her testimony at the June 21, 2007 preliminary injunction hearing. At that hearing, the Court relied upon her credibility in concluding that Plaintiff had not met its burden to show a substantial likelihood of success on the merits, as its claims against Defendant Labarbera required a showing that she obtained the products sold on Ebay from a Merle Norman studio owner.

In its June 22, 2007 Order denying Plaintiff's Motion for a Preliminary Injunction,

the Court noted the sufficient circumstantial evidence in support of Plaintiff's motion that the products were obtained from a Merle Norman studio owner:

> First, her volume of over 700 Ebay auctions (i.e., sales) and variety of products for sale indicated more than someone who obtains product from retail purchases.  Second, the text of the product descriptions on her website indicate inside knowledge of Merle Norman products. Third, her attempt to hide her identity by changing email addresses shows some knowledge of her wrongful conduct.  Fourth, Jerry Marsh testified that Labarbera admitted to getting some products from studio owners.  Fifth, the timing of the telephone call to Merle Norman on the same morning verifying the identity of the investigator leads to the conclusion that the Long Island franchise owner is connected to Defendant.  Sixth, Labarbera's sale of new items on her website must have come from a studio owner, as such new items would not have come through a flea market so quickly as a studio owner would have no motive to sell new products at cost to a flea market.  Finally, there were no recent store closings in South Florida which resulted in inventory being sold at cost, and no reported thefts of merchandise.

At the hearing, the woman who is Victoria LaBarbera testified as Defendant Joyce LaBarbera and flatly denied obtaining Merle Norman products from anyone other than a flea market.  She also provided an explanation for some of the circumstantial evidence put forth by Plaintiff.

As a sanction for testifying under oath as someone other than herself, the Court thereby discounts the credibility of Victoria LaBarbera's testimony.  That leaves the Court with "the volume, variety, and nature of the products Labarbera offers for sale on Ebay [as] evidence that she obtained the products from a studio owner."  Therefore, the Court now concludes that the evidence does rise to the level required for a showing of "substantial likelihood" of success on the issue.

In order to obtain a preliminary injunction, the plaintiffs must establish the

2

following four elements: (1) a substantial likelihood that the plaintiffs will prevail on the merits; (2) a substantial threat that plaintiffs will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiff outweighs the threatened harm the injunction may do to the defendant; and (4) granting the preliminary injunction will not disserve the public interest.  Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir.1994).  Merle Norman has presented evidence that there exists a substantial threat that their franchise store businesses will suffer irreparable injury if sales of its products continue on Ebay (the Court initially did not reach this issue).  In addition, the threatened injury to Plaintiff outweighs the threatened harm to the defendant.  Based upon the evidence presented at today's hearing, Joyce LaBarbera works full time at Broward Community College and will not suffer harm.  Plaintiff's harm also outweighs the temporary harm to Victoria LaBarbera, who having now admitted that she is the person making the Ebay sales, will also be subject to this injunction.  Finally, granting this injunction, although it limits the amount of Merle Norman products available to the public, does serve to enforce the contractual agreements between Merle Norman and its franchise owners, which prohibit online sales of Merle Norman products.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Ore Tenus Motion for Reconsideration is hereby **GRANTED;**

2. Plaintiff's Motion for Preliminary Injunction [DE 3-2] is hereby **GRANTED;**

3. Defendant Joyce LaBarbera, Victoria LaBarbera, and all persons acting in concert or privity with either of them who have notice of this Order, are hereby enjoined from selling or offering to sell products bearing the name or trademark

of Merle Norman on eBay or any other Internet website;

4. Victoria LaBarbera shall forward this notice to anyone acting with her to sell or offer to sell products bearing the name or trademark of Merle Norman on eBay or any other Internet website (though not her customers).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of October, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies furnished to:

Michael Mattson, Esq.
James Rubinger, Esq.

Joyce Labarbera, pro se
12911 SW 15th Manor
Davie, FL 33325

Victoria LaBarbera
12911 SW 15th Manor
Davie, FL 33325