UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60811-CV-COHN

MERLE NORMAN COSMETICS, INC., a
California corporation,

Magistrate Judge Seltzer

    Plaintiff,

vs.

JOYCE LABARBERA and JANE DOE,

    Defendants.
_____/

**ORDER DETERMINING AMOUNT OF ATTORNEY'S FEES
AS SPECIAL CONDITION FOR PROBATION
ORDER DENYING AS MOOT MOTION TO MODIFY CONDITIONS OF PROBATION
ORDER GRANTING MOTION FOR LEAVE TO AMEND AND DIRECTING PLAINTIFF TO
FILE STATUS REPORT REGARDING CONSENT JUDGMENT**

THIS CAUSE is before the Court upon Plaintiff's Agreed Motion for Leave to File Amended Complaint [DE 58], Plaintiff's Application for Attorney's Fees [DE 62], and Victoria LaBarbera's Motion to Modify Conditions of Probation [DE 63]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

I. AMOUNT OF SPECIAL CONDITION OF PAYMENT OF FEES

On January 17, 2008, following a hearing held before the undersigned, this Court found Victoria LaBarbera in direct criminal contempt and imposed a sentence of probation with special conditions. One of those special conditions was the payment by Victoria LaBarbera of Plaintiff's investigative costs incurred in discovering the fraud perpetrated by Victoria LaBarbera in using her mother's name, and the attorney's fees in filing the October 5, 2007 motion for sanctions and attendance at the October 29, 2007 and January 17, 2008 hearings on the matter.

On January 28, 2008, Plaintiffs filed an Application for Attorney's Fees with declarations submitted by local counsel Michael Mattson, Esq. and Washington, DC counsel James Rubinger, Esq. [DE 62].  Although no objections to the amounts requested were filed, the Court has a duty in this case to ensure that the special condition of payment is only for reasonable amounts.

The Court concludes that of the total amount sought of $13,078.43 in attorney's fees, expenses and investigative services, the Court will impose a special condition of payment of $10,071.03.  The Court approves all the amounts submitted by Attorney Mattson and the investigative costs paid by the Cooney Mattson firm to the investigator, for a subtotal of $3,328.53.  Turning to the amount of fees and expenses submitted by Attorney Rubinger, the Court will not include the travel expenses of $1,054.40 for travel of Attorney Rubinger to the October 29, 2007 hearing.  The decision to have national counsel present at the hearing is certainly Plaintiff's right, however, the Court did not intend to have travel expenses of non-local counsel be included in the special condition payment.  As to the number of hours submitted by Attorney Rubinger for the October 29, 2007 hearing, he seeks 9 hours of preparation time, plus 5.2 hours for the hearing and post-hearing meeting.  Local counsel also included 5.2 hours for the October 29, 2007 hearing.  This total of nearly 20 hours is a bit excessive.  The Court therefore concludes that reducing Attorney Rubinger's time by 4.2 hours, or $1,953 (at $465 per hour), is a reasonable reduction.

## II.  MOTION TO AMEND AND CONSENT JUDGMENT

As a final resolution between the parties to this matter, Plaintiff filed an "agreed" motion for leave to file an amended complaint to add Victoria LaBarbera as a defendant in

this action, and a consent judgment.   Upon review of this motion and the proposed consent judgment, it does not appear that Victoria LaBarbera specifically agreed in writing to entry of this consent judgment [DE 58-2].   While her statements in Court would appear to support a finding of her agreement to the proposed judgment, and while the Court has no reason at all to doubt the representation of Plaintiff's counsel in filing the motion as "agreed," as Ms. LaBarbera is representing herself, the Court is hesitant to enter a consent judgment without written consent from a pro se defendant.  Therefore, the Court will grant the motion to file the amended complaint, but direct the parties to have Victoria LaBarbera sign some filing indicating her written consent to the proposed consent judgment.  This filing may be submitted by Plaintiff's counsel.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Agreed Motion for Leave to File Amended Complaint [DE 58] is hereby **GRANTED**;

2. The First Amended Complaint attached to the Motion at DE 58-4 is deemed filed as of January 17, 2008;

3. Victoria LaBarbera shall be added as a party defendant;

4. Plaintiff shall file a Status Report by April 24, 2008, regarding Victoria LaBarbera's written agreement to the proposed consent judgment, and whether the claims against the other named Defendants in the First Amended Complaint are to be dismissed without prejudice;

5. Plaintiff's Application for Attorney's Fees [DE 62] is hereby **GRANTED in part**, as explained above.  The special condition of probation for Victoria LaBarbera is now

fixed at $10,071.03;

6. Victoria LaBarbera's Motion to Modify Conditions of Probation [DE 63] is hereby **DENIED as moot**, as the Court was informed by the assigned Probation Officer that Ms. Labarbera's community service assignment was changed and she was not required to have employment until the Probation Officer reassesses the family medical situation.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of April, 2008.

JAMES I. COHN
United States District Judge

copies to:

Michael Mattson, Esq.
James Rubinger, Esq.

Victoria LaBarbera
12911 SW 15th Manor
Davie, FL 33325

Karen Howard, US Probation Office